# United States Court of Appeals for the Fifth Circuit

———————

No. 23-50871

———————

United States Court of Appeals
Fifth Circuit

**FILED**

July 8, 2024

Lyle W. Cayce
Clerk

RICARDO GARCIA,

*Plaintiff—Appellant*,

*versus*

REYES BERMEA; MARTIN CANTU; CRISTIAN CAMPIRANO,

*Defendants—Appellees*.

———————————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:21-CV-4

———————————————————————————

Before HAYNES, WILLETT, and OLDHAM, *Circuit Judges*.

HAYNES, *Circuit Judge*:[*]

Ricardo Garcia claims that Maverick County Sheriff's Department Deputies Reyes Bermea and Cristian Campirano, and Corporal Martin Cantu (collectively, "Defendants") violated his Fourth Amendment rights. We AFFIRM.

The incident at issue in this case arose while Defendants were responding to a call about a suspicious vehicle. After encountering Garcia,

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

who refused to follow orders and showed signs of intoxication, Defendants pulled him out of his vehicle, arrested him, and searched his vehicle.[1] Garcia, stating that all charges were dropped, subsequently initiated this pro se suit pursuant to 42 U.S.C. § 1983, alleging Defendants (1) unlawfully seized him; (2) unlawfully arrested him; (3) used excessive force; (4) unlawfully searched his vehicle; (5) failed to intervene in others' unconstitutional acts; and (6) submitted a false probable cause affidavit. The district court concluded that Defendants were entitled to qualified immunity on all claims and granted their motion for summary judgment. Still proceeding pro se, Garcia now appeals.

Under 42 U.S.C. § 1983, private citizens may sue state and local officials for violations of their constitutional rights. However, "[q]ualified immunity shields from liability 'all but the plainly incompetent or those who knowingly violate the law.'" *Romero v. City of Grapevine*, 888 F.3d 170, 176 (5th Cir. 2018) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). To overcome a qualified immunity defense, a plaintiff must show that (1) "the official's conduct violated a constitutional right," and (2) "the right was clearly established." *Cunningham v. Castloo*, 983 F.3d 185, 190–91 (5th Cir. 2020) (internal quotation marks and citation omitted). In reviewing whether qualified immunity is proper, we may limit our analysis to the "clearly established" prong if it is dispositive. *See Pearson v. Callahan*, 555 U.S. 223, 236–37 (2009).

Here, the district court concluded that Defendants were entitled to qualified immunity on all of Garcia's claims because Garcia had not shown a violation of his constitutional rights.[2] We need not address that issue because

_____

[1] Garcia alleges Cantu participated only in the vehicle search.

[2] The district court also construed Garcia's complaint as asserting several state-law claims but declined to exercise supplemental jurisdiction over such claims. Because

even if Garcia could show a constitutional violation, his claim would still fail because he has not shown that "it was clearly established that the Fourth Amendment prohibited the officer[s'] conduct in the situation [they] confronted." *See Mullenix v. Luna*, 577 U.S. 7, 13 (2015) (per curiam) (internal quotation marks and citation omitted).

"[W]e liberally construe the briefs of pro se appellants." *Bourne v. Gunnels*, 921 F.3d 484, 490 (5th Cir. 2019) (citation omitted). However, even liberally construed, Garcia's brief does not meet the heavy burden of establishing that "relevant precedent 'has placed the constitutional question beyond debate.'" *See Morrow v. Meachum*, 917 F.3d 870, 874 (5th Cir. 2019) (alterations adopted) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). Garcia instead focuses on the first prong of qualified immunity and makes only passing references to the fact that Defendants "should have known" they were committing constitutional violations. He fails to cite cases that "squarely govern[] the specific facts at issue here." *See Kisela v. Hughes*, 584 U.S. 100, 104 (2018) (per curiam) (internal quotation marks and citation omitted). Thus, he has not shown that "the violative nature of *particular* conduct is clearly established." *See Mullenix*, 577 U.S. at 12 (citation omitted). Nor has Garcia argued or shown that this is one of the rare cases in which the constitutional violation is so obvious that analogous case law is not needed. *See Brosseau v. Haugen*, 543 U.S. 194, 199 (2004) (citing *Hope v. Pelzer*, 536 U.S. 730, 738 (2002)).

Accordingly, Defendants are entitled to qualified immunity, and we AFFIRM the judgment of the district court.[3]

---

Garcia's brief does not mention his state claims or supplemental jurisdiction, we need not address the issue here.

[3] JUDGE WILLETT concurs in the judgment only, stating the following: I would not skip to qualified immunity's simpler second prong at the expense of resolving the

——————————————————————

constitutional inquiry on prong one, a maneuver that, at least in published cases, perpetuates one of qualified immunity's core hypocrisies: that plaintiffs must cite precedent "clearly establishing" the law even as courts refuse to make any. *See Reed v. Taylor*, 923 F.3d 411, 418 n.48 (5th Cir. 2019) (Willett, J.); *Zadeh v. Robinson*, 902 F.3d 483, 498–99 (5th Cir. 2018) (Willett, J., concurring dubitante), *opinion withdrawn on reh'g*, 928 F.3d 457 (5th Cir. 2019); *Lombardo v. City of St. Louis, Mo.*, 143 S. Ct. 2419, 2421 (2023) (Sotomayor, J., dissenting from the denial of certiorari) (citing *Zadeh*, 902 F.3d at 499 (Willett, J., concurring dubitante)). Although a prong-one holding in this unpublished case would not clearly establish the law, *see Marks v. Hudson*, 933 F.3d 481, 486 (5th Cir. 2019), JUDGE WILLETT would nonetheless affirm the district court's judgment on Garcia's failure to show a constitutional violation.